UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

-----------------------------------------------------------------X
In re:                                                           :
                                                                 :  CHAPTER 7
JOHN PETER MITOLA,                                               :
                                                                 :  CASE NO. 15-51608 (JAM)
Debtor.                                                          :
-----------------------------------------------------------------X
ERIC MALON,                                                      :
                                                                 :
Plaintiff.                                                       :  ADV. PROC. NO. 17-05007 (JAM)
                                                                 :
V.                                                               :  RE: ECF No. 15
                                                                 :
JOHN PETER MITOLA,                                               :
                                                                 :
Defendant.                                                       :
-----------------------------------------------------------------X

## MEMORANDUM OF DECISION
## AND ORDER DENYING MOTION TO DISMISS

**I. Introduction**

In this Adversary Proceeding, Plaintiff, Eric Malon ("Plaintiff"), filed a three-count Complaint against John Peter Mitola (the "Debtor" or "Defendant"), seeking a determination that certain debts owed by the Defendant to the Plaintiff are nondischargeable, pursuant to 11 U.S.C. §§ 523(a)(2), (4) and (6)[1] (the "Complaint"). The Defendant is moving to dismiss the Complaint in its entirety. For the reasons discussed below, the Defendant's motion to dismiss the Adversary Proceeding is **DENIED**.

**II. Background**

On May 2, 2006, the Defendant, on behalf of Castlewood Homes of Shelton, Connecticut ("Castlewood")[2] executed a contract (the "Agreement"), in which Castlewood agreed to pay the

---

[1] Unless otherwise specified, all future statutory references are to Title 11 of the United States Code.
[2] According to the Defendant, Castlewood is his trade name and not a legal entity. *See* Motion to Dismiss at n. 1, 2.

Plaintiff: (i) $700,000 upon the construction and sale of real property commonly known as 6 Windrush Lane, Westport, Connecticut (the "Property")[3]; and (ii) fifty percent of the net proceeds[4] from the sale of the Property. In February 2008, the Property was constructed and sold to a third party for approximately $2.7 million.

On February 10, 2014[5], the Plaintiff filed a lawsuit against the Defendant in the Connecticut Superior Court entitled *Malon v. Mitola et al.*, Case No. FBT-CV14-5030100-S (the "State Court Action")[6]. In the State Court Action, the Plaintiff sought a prejudgment remedy against the Defendant, alleging, *inter alia*, fraud and breach of contract. The summons and complaint were delivered to a state marshal on February 18, 2014, and service was made upon the Defendant on February 19, 2014. *See* Motion to Dismiss, Ex. D.

On November 19, 2015 (the "Petition Date"), the Defendant filed a petition for relief under Chapter 7 of the Bankruptcy Code. On March 13, 2017, pursuant to §§ 523(a)(2), (4) and (6), the Plaintiff commenced the Adversary Proceeding against the Defendant, seeking a declaration that the debts owed by the Defendant to the Plaintiff arising from the Agreement are nondischargeable[7]. On April 4, 2017, the Defendant filed an Answer to the Complaint (ECF No.

---

[3] Title to the Property was in the Defendant's name.
[4] The Agreement defines the term "net proceeds" as:

> [T]he sale price of [the Property], less the sum of all mortgages, closing costs associated with the [c]onstruction and closing of [the sale of the Property] including [$700,000 that Castlewood agreed to pay the Plaintiff upon the construction and sale of the Property] as well as all other investments made by other parties.

Motion to Dismiss, Ex. A, ECF No. 15.
[5] A coversheet of the lawsuit and the complaint attached to the Motion to Dismiss as Exhibit C indicate that the lawsuit was commenced on February 10, 2014.
[6] Between 2010 and 2014, the Plaintiff commenced at least two other lawsuits against the Defendant in the Connecticut Superior Court. The exact nature and the outcome of these lawsuits is unclear.
[7] On April 24, 2017, the Plaintiff filed a proof of claim in the amount of $125,000, which is docketed on the Claims Register as Claim No. 8 (the "Proof of Claim"). On May 16, 2017, the Defendant filed objections to the Proof of Claim (ECF Nos. 174 and 175) in the Defendant's Chapter 7 case. Because the underlying basis for the Defendant's objections to the Proof of Claim is identical to the Defendant's Answer to the Complaint, a determination of this Adversary Proceeding will resolve both of the matters.

2

5). On May 19, 2017, without leave of the Court, the Defendant filed an Amended Answer, including a counterclaim for accounting, asserting that the Complaint is barred by applicable statute of limitations (ECF No. 6). On January 5, 2018, pursuant to Fed. R. Civ. P. 12(b)(6), the Defendant filed a Motion to Dismiss the Adversary Proceeding (the "Motion to Dismiss," ECF No. 15). On February 5, 2018, the Plaintiff filed a memorandum of law in opposition to the Motion to Dismiss (the "Opposition to the Motion to Dismiss," ECF No. 20). On February 23, 2018, the Defendant filed a reply to the Opposition to the Motion to Dismiss (ECF No. 21). The Motion to Dismiss is now fully briefed and ripe for adjudication.

### III.    Analysis

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6) (the "Rule 12(b)(6)"), made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7012, the Court must accept all well-pleaded facts as true and construe them in the light most favorable to the non-moving party. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). A party is permitted to use a Rule 12(b)(6) motion to dismiss as a vehicle to challenge a complaint on statute of limitation grounds. *Lesti v. Wells Fargo Bank, N.A.*, 960 F. Supp. 2d 1311, 1316–17 (M.D. Fla. 2013).

In order to determine the dischargeability of a debt, the Court must determine whether a debtor owes a debt within the meaning of the Bankruptcy Code.[8] The Bankruptcy Code defines the term "debt" to mean "liability on a claim," § 101(12), and "claim" is defined as a "right to payment, whether or not such right is reduced to judgment . . . ." § 101(5). In order to establish a debt for nondischargeability purposes, "a plaintiff must [] meet any timeliness requirements

---

[8] *See*, *e.g.*, *In re Bak*, 2013 WL 653073, at *7 (Bankr. D. Conn. Feb. 20, 2013) (discussing case law holding that "in addition to meeting the 60-day time deadline established by Fed. R. Bankr. P. 4007(c) for the bringing of a non-dischargeability action, a plaintiff must also meet any timeliness requirements established by the non-bankruptcy law applicable to the case at hand. In other words, if non-bankruptcy law requires that a lawsuit to establish liability on any viable ground be brought prior to applicable statutes of limitations, and the creditor has not done so, then the debt cannot be established for non-dischargeability purposes."); *see also In re McKendry*, 40 F.3d 331, 337 (10th Cir. 1994).

established by the non-bankruptcy law . . . ." *In re Bak*, 2013 WL 653073, at *7; *see also In re McKendry*, 40 F.3d at 337.  Therefore, a timely commenced state action is sufficient to establish a debt, and if such debt exists, the Court must determine whether a plaintiff timely commenced a nondischargeability action pursuant to Fed. R. Bankr. P. 4007(c).  *See, e.g., In re Bak*, 2013 WL 653073, at *7; *see also In re McKendry*, 40 F.3d at 337.

Under Connecticut law, a cause of action is timely commenced "if the process to be served is personally delivered to a state marshal . . . within [applicable statute of limitations] and the process is served . . . within thirty days of delivery."  Conn. Gen. Stat. § 52-593a; *see also Doe v. Town of West Hartford*, 328 Conn. 172, 175 (Conn. 2018) (explaining that Conn. Gen. Stat. § 52-593a is a "remedial savings statute that operates to render an action timely commenced as long as process is delivered to a marshal prior to the expiration of the applicable statute of limitations and served within thirty days.").

The Defendant argues in his Motion to Dismiss that the closing of the sale of the Property took place on February 15, 2008, and the summons and complaint filed in the State Court Action were delivered to a state marshal on February 18, 2014.  The Defendant argues that the claims underlying the Complaint in the Adversary Proceeding are time barred because the applicable statute of limitations, whether that be a three-year general tort statute, Conn. Gen. Stat. § 52-577, or a six-year general contract statute, Conn. Gen. Stat. § 52-576, began to run on February 15, 2008, and the summons and complaint were delivered to the state marshal after the six-year statute of limitations expired.  However, the Plaintiff argues that the Agreement did not require the Defendant to perform on the closing date of the sale of the Property; therefore, the six-year statute of limitations applicable to his breach of contract claim began to run on or about February 20, 2008, not February 15, 2008.

4

Here, pursuant to the terms of the Agreement, the Defendant agreed to pay $700,000 upon the construction and sale of the Property, and fifty percent of the net proceeds from the sale of the Property. The Agreement, however, does not specify a definite time of performance. Furthermore, the Complaint filed in this Adversary Proceeding relates back to the common core of operative facts raised on the claims in the State Court Action. The State Court Action has not been dismissed as being barred by Conn. Gen. Stat. §§ 52-577 or 52-576. In viewing the Complaint in the light most favorable to the Plaintiff, the Court finds that a Rule 12(b)(6) dismissal on statute of limitation grounds is not appropriate. *See La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) ("[A] Rule 12(b)(6) dismissal on statute of limitation[] grounds is appropriate only if it is 'apparent [on] the face of the complaint' that the claim is time-barred.") (quoting *Omar v. Lindsey*, 334 F.3d 1246, 1251 (11th Cir. 2003)).

Turning to the Defendant's argument that a breach of contract claim is not the basis of a § 523(a) action, many courts have held that "[a]s long as the debt was 'established' prior to the running of statutes of limitation[s], it is irrelevant whether the plaintiff's allegations in a prior state court suit corresponded to the grounds for nondischargeability under [§ 523]." *In re Bak*, 2013 WL 653073, at *7 n. 5 (discussing case law).

**IV.    Conclusion**

For those reasons, it is hereby

**ORDERED**: The Motion to Dismiss is **DENIED**.

Dated at Bridgeport, Connecticut this 30th day of August, 2018.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut