**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| IN RE: | CASE NO.    15-51608 (JAM) |
| JOHN PETER MITOLA, <br>     DEBTOR. | CHAPTER    7 |
| ERIC MALON, <br>     PLAINTIFF, | |
| v. | ADV. PRO. NO.    17-5007 (JAM) |
| JOHN PETER MITOLA, <br>     DEFENDANT. | RE: ECF NO.    46 |

**APPEARANCES**

Sabato P. Fiano                                                                 *Attorney for the Plaintiff*
Zeldes, Needle & Cooper, P.C.
1000 Lafayette Blvd., 7th Floor
Bridgeport, CT 06604

Chris R. Nelson                                                                 *Attorney for the Defendant*
Nelson | Votto
18 Trumbull Street
New Haven, CT 06511

**MEMORANDUM OF DECISION AND ORDER DENYING**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Julie A. Manning, United States Bankruptcy Judge

**I.    BACKGROUND**

On March 13, 2017, Eric Malon (the "Plaintiff") commenced this adversary proceeding by filing a three-count complaint against John Peter Mitola (the "Debtor" or "Defendant") seeking a determination that certain debts owed by the Defendant to the Plaintiff are nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2), (4), and (6) (the "Complaint"). The

Defendant filed an Amended Answer on May 19, 2017 in which he asserts as an affirmative defense that the Plaintiff's claims are barred by the statute of limitations.

On January 5, 2018, the Defendant moved to dismiss the Complaint in its entirety on the grounds that the claims underlying the Complaint were time barred under the applicable Connecticut statutes of limitations (the "Motion to Dismiss"). On August 30, 2018, the Court issued a Memorandum of Decision and Order Denying Motion to Dismiss (the "Order Denying Motion to Dismiss," ECF No. 22). In the Order Denying Motion to Dismiss, the Court ruled that dismissal on statute of limitations grounds was not appropriate because it was unclear from the face of the Complaint that the claims were time barred.

On July 22, 2020, the Defendant filed a Motion for Summary Judgment, arguing there is no genuine issue of material fact that the Plaintiff's claims are barred by the applicable statutes of limitations (the "Motion for Summary Judgment," ECF No. 46). The Plaintiff filed an opposition to the Motion for Summary Judgment on August 25, 2020 (the "Opposition," ECF No. 51). For the reasons that follow, the Motion for Summary Judgment is denied.

## II.  JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over the instant proceeding pursuant to 28 U.S.C. § 1334(b). The Bankruptcy Court derives its authority to hear and determine this matter pursuant to 28 U.S.C. §§ 157(a) and (b)(1) and the District Court's General Order of Reference dated September 21, 1984. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(I).

## III.  SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(a) is made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7056. Rule 56 directs that "[t]he court shall grant

summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056.  The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).  "Upon consideration of a motion for summary judgment, 'the judge's function . . . is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Delaney*, 504 B.R. at 746 (quoting *Anderson*, 477 U.S. at 249).  "[T]he court 'cannot try issues of fact; it can only determine whether there are issues to be tried.'" *Mex. Constr. & Paving v. Thompson (In re Thompson)*, 511 B.R. 20, 24 (Bankr. D. Conn. 2014) (quoting *Flaherty v. Lang*, 199 F.3d 607, 615 (2d Cir. 1999)).

At the summary judgment stage, the moving party must show there are no material issues of fact, and the court must consider all facts in the light most favorable to the non-moving party. *Conn. Ironworkers Emp'rs Ass'n v. New England Reg'l Council of Carpenters*, 869 F.3d 92, 98-99 (2d Cir. 2017), *cert. denied*, 138 S. Ct. 1547 (2018) (citing *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 456, (1992); *Gemmink v. Jay Peak Inc.*, 807 F.3d 46, 48 (2d Cir. 2015)).  Once the moving party has met its burden, the "party opposing summary judgment . . . must set forth 'specific facts' demonstrating that there is 'a genuine issue for trial.'" *Official Comm. of Unsecured Creditors of Affinity Health Care Mgmt., Inc. v. Wellner (In re Affinity Health Care Mgmt., Inc.)*, 499 B.R. 246, 251 (Bankr. D. Conn. 2013) (quoting *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009)).

IV.  **UNDISPUTED FACTS**

The Court finds the following undisputed facts:[1]

1. On May 2, 2006, the Plaintiff and the Defendant[2] entered into a written agreement (the "Agreement") for the financing, construction, and sale of a residential home located at 6 Windrush Lane, Westport, Connecticut (the "Property").

2. The Agreement provided that the Defendant, "for value received," was to pay the Plaintiff the sum of $700,000.00 "after the construction and upon the sale" of the Property. *See* Exhibit A to the Motion for Summary Judgment.

3. The Agreement further provide that the Defendant would pay the Plaintiff an additional sum equal to fifty percent of the "net proceeds" of the sale of the Property.

4. The Agreement defines "net proceeds" as the sale price of the Property, less the sum of all mortgages, closing costs associated with the construction and closing of the Property, including the $700,000.00 dollars paid to the Plaintiff as well as other investments made by other parties.

5. The Plaintiff had previously worked with the Defendant while the Defendant was operating as Castlewood Homes.

6. On July 19, 2006, the Defendant purchased the Property.[3]

---

[1] All facts are derived from the Defendant's Rule 56(a)(1) Statement and the Plaintiff's Rule 56(a)(2) Statement unless otherwise indicated.

[2] The Agreement was entered into between "Castlewood Homes of Shelton, Connecticut" and the Plaintiff. The Defendant and one other person signed the Agreement on behalf of Castlewood Homes. *See* Exhibit A to the Motion for Summary Judgment. According to the Defendant, Castlewood Homes is the Defendant's tradename and is not a legal entity. *See* Motion to Dismiss at n. 1, 2.

[3] Title to the property was held in the Defendant's name. *See* Order Denying Motion to Dismiss at n.3.

7. Thereafter, the Defendant sold the Property to third-party buyers for a purchase price of approximately $2,700,000.00. *See* Exhibit C to the Motion for Summary Judgment. The Defendant executed the documents for the closing on the sale of the Property on Thursday, February 14, 2008. On Friday, February 15, 2008, Attorney Thomas Mitola (the Defendant's brother) conducted the closing on the sale of the Property.

8. After the sale of the Property, the Defendant made some distributions to the Plaintiff that the Plaintiff alleges were insufficient. *See* Complaint at ¶ 12.

9. On April 26, 2010, the Plaintiff filed a lawsuit against the Defendant in Connecticut Superior Court alleging that the Defendant owed him money under the terms of the Agreement. *See* docket number UWY-CV10-6004622-S (the "2010 State Court Case").

10. A trial in the 2010 State Court Case was originally scheduled to begin on May 27, 2011 but was continued, at the Plaintiff's request, to September 2011, and then to January 2012, and then to May 2012.

11. On May 3, 2012, on the eve of trial, the Plaintiff unilaterally withdrew the complaint in the 2010 State Court Case.

12. On November 14, 2012, the Plaintiff filed an Application for a Bill of Discovery against the Defendant in Connecticut Superior Court. *See* docket number FBT-CV12- 6031458-S (the "Bill of Discovery Case").

13. In the Bill of Discovery Case, the Plaintiff sought records related to the financing, construction, and sale of the Property.

14. On January 15, 2013, the Superior Court granted the Plaintiff's Bill of Discovery.

15. On February 19, 2014, the Plaintiff served the Defendant with an Application for a Prejudgment Remedy and a Writ, Summons, and Complaint in order to commence another

lawsuit against the Defendant in the Connecticut Superior Court. *See* docket number FBT-CV14-5030100-S (the "2014 State Court Case").

16. In the 2014 State Court Case, the Plaintiff asserts claims against the Defendant alleging, among other things, breach of contract, promissory estoppel, fraud, and conversion. *See* Exhibit E to the Motion for Summary Judgment.

17. Although the Application for Prejudgment Remedy and the Writ, Summons, and Complaint were dated February 10, 2014, these documents were not provided to the State Marshal for the purpose of providing service on the Defendant until February 18, 2014 and were not served on the Defendant until February 19, 2014.

## V.   DISCUSSION

In the Motion for Summary Judgment, the Defendant argues that all of the Plaintiff's claims against him are time barred under the statutes of limitations applicable to those claims, and as such, he is entitled to summary judgment as a matter of law. The Defendant's argument is premised on his position that the date of the closing on the sale of the Property – February 15, 2008 – is the date the Plaintiff's claims accrued. The Plaintiff contends that his claims against the Defendant accrued when the Defendant made a final insufficient distribution to him, which was on May 15, 2009,[4] or that, at a minimum, there is a factual dispute as to when the Plaintiff's causes of action accrued.

---

[4] Specifically, the Plaintiff claims that the Defendant made the following three distributions to him: (i) a March 6, 2008 distribution in the amount of $960,000.00; (ii) a March 19, 2008 distribution in the amount of $66,310.00; and (iii) a May 15, 2009 distribution in the amount of $159,441.00. *See* Opposition at 3. The gravamen of the claims filed in the 2014 State Court Case is that these three distributions did not amount to the Plaintiff's share of net proceeds in accordance with the Agreement. *See id.*

6

In the 2014 State Court Case, the Plaintiff alleges claims of breach of contract and tort. The applicable statutes of limitations for these claims are set forth in the Connecticut General Statutes. *See* Conn. Gen. Stat. § 52–576(a) (the six-year statute of limitations applicable to contract claims); Conn. Gen. Stat. § 52–577 (the three-year statute of limitations applicable to tort claims).[5]

There is no dispute that the Defendant was served with the Writ, Summons, and Complaint in the 2014 State Case on February 19, 2014. In Connecticut, which follows the actual service rule, "an action is commenced only upon actual service on the defendant." *See Slekis v. Nat'l R.R. Passenger Corp.*, 56 F. Supp. 2d 202, 205 (D. Conn. 1999); *see also Chestnut Point Realty, LLC v. Town of E. Windsor*, 324 Conn. 528, 540 (2017) ("In Connecticut, it has long, frequently and consistently been held that an action is brought, or commenced, when the writ is served upon the defendant."); *Doe v. Town of W. Hartford*, 328 Conn. 172, 177 (2018) ("Typically, an action is 'commenced,' for purposes of determining compliance with a statute of limitations, when the defendant is served with a summons and complaint."). Thus, the 2014 State Court Case commenced, for statute of limitations purposes, on February 19, 2014. Although the undisputed facts establish that the 2014 State Court Case commenced on February 19, 2014, there is a dispute as to when the Plaintiff's breach of contract claim began to accrue.

---

[5] A timely filed breach of contract claim can establish a non-dischargeable debt for the purposes of section 523; claims under section 523 do not need to be based on a specific tort cause of action. *See Banks v. Gill Distribution Centers, Inc.*, 263 F.3d 862, 868 (9th Cir. 2001) ("[T]here is no requirement that the allegations of a complaint filed in state court prior to a debtor filing a petition in bankruptcy correspond to the elements of the grounds contained in § 523(a) of the Bankruptcy Code.") (quoting *Spinnenweber v. Moran,* 152 B.R. 493 (Bankr. S.D.Ohio 1993)); *see also In re Bak*, No. 10-23045 ASD, 2013 WL 653073, at *7 (Bankr. D. Conn. Feb. 20, 2013) (explaining that "Courts have held that as long as the debt was 'established' prior to the running of statutes of limitation, it is irrelevant whether the plaintiff's allegations in a prior state court suit corresponded to the grounds for nondischargeability under Bankruptcy Code § 523.").

In actions for breach of contract, "the cause of action is complete at the time the breach of contract occurs, that is, when the injury has been inflicted." *See Indep. Ins. Serv. Corp. v. Hartford Life Ins. Co.*, 472 F. Supp. 2d 183, 188-89 (D. Conn. 2007) (quoting *Kennedy v. Johns–Manville Sales Corp.*, 135 Conn. 176, 180 (1948)); *see also Tolbert v. Connecticut Gen. Life Ins. Co.*, 257 Conn. 118 (2001) (observing that it is well settled law that a breach of contract action accrues when the injury has been inflicted).

As the Court set forth in the Order Denying Motion to Dismiss, the terms of the Agreement required the Defendant to pay the Plaintiff $700,000.00 after the construction and upon the sale of the Property, and fifty percent of the net proceeds from the sale of the Property. The Agreement does not, however, specify a definite time for performance. In addition, the Complaint filed in this adversary proceeding relates back to the common core of operative facts raised in the 2014 State Court Case. The 2014 State Court Case has not been dismissed as being barred by Conn. Gen. Stat. §§ 52–577 or 52–576.

Therefore, the Court finds that there is a genuine issue of material fact as to when the Plaintiff's claims accrued, which precludes summary judgment from entering in the Defendant's favor. *See Slekis*, 56 F.Supp. 2d at 206 (denying summary judgment when there were genuine issues of material fact as to when the statute of limitations began to run); *c.f. Flight Scis., Inc. v. Cathay Pac. Airways Ltd.*, 647 F. Supp. 2d 285, 288-89 (S.D.N.Y. 2009) (denying summary judgment when there were issues of disputed fact as to whether the statute of limitations should be equitably tolled).

## VI. CONCLUSION

For the reasons set forth above, it is hereby

**ORDERED:** The Defendant's Motion for Summary Judgment, ECF No. 46, is DENIED; and it is further

**ORDERED:** A pretrial conference will be held on November 16, 2021 at 12:00 p.m. to address remaining pretrial issues.

Dated at Bridgeport, Connecticut this 7th day of October, 2021.



Julie A. Manning
United States Bankruptcy Judge
District of Connecticut